## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRANDON SMITHWICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-18-160-G** |
| | ) | |
| **BNSF RAILWAY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is a Seventh Motion in Limine (Doc. No. 105) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Brandon Smithwick has responded (Doc. No. 127), Defendant has replied (Doc. No. 171), and the Motion is now at issue.[1]

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

### I.    Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a

---

[1] Plaintiff additionally filed an unauthorized surreply (Doc. No. 183). As there was no objection from Defendant, the Court has considered this filing as well.

party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II.    *Defendant's Motion*

In this Motion, Defendant to exclude evidence supporting his claim for damages for psychological injuries. Defendant raises several objections to such evidence.

First, Defendant argues that Plaintiff may not obtain damages under FELA for his claimed psychological distress because Plaintiff cannot meet the requirements prescribed for such recovery in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994). *See* Def.'s Mot. at 2-3 (citing *Gottshall*, 512 U.S. at 544, 547-48; *Marzocchi v. Long Island R.R.*, No. 13-CV-7097, 2016 WL 3840929, at *19-20 (E.D.N.Y. July 12, 2016)). The Court already addressed and rejected this argument when it was raised in Defendant's motion for summary judgment. *See* Order of Mar. 20, 2020 (Doc. No. 165) at 17-21 ("[T]he Court is unable to say on the current record that there is no 'relationship' present or that Defendant is entitled to judgment on this claim."); *see also Norfolk & W. Ry. v. Ayers*, 538 U.S. 135, 154 (2003) ("Once found liable for any bodily harm, a negligent actor is answerable in damages for emotional disturbance resulting from the bodily harm *or from the conduct which causes it*." (internal quotation marks omitted)). Defendant points to nothing new that would warrant the Court's revisiting of that ruling at this time.

Next, Defendant argues that evidence of Plaintiff's psychological injuries is inadmissible because Plaintiff cannot prove such injuries "are a direct result of the July 3, 2017 occurrence." Def.'s Mot. at 3 (citing Kevin F. O'Malley et al., 3A *Federal Jury Practice and Instructions* § 155:60 (6th ed. 2012)). Here, similarly, the Court already has found a triable issue on Defendant's liability for Plaintiff's claimed psychological-injury damages. In addition, assuming Defendant's cited "direct result" instruction is appropriate for this case, the Court is not yet in a position to determine whether the evidence presented at trial will support giving such an instruction (or, as Defendant presumably prefers, removing the issue from the jury's consideration). *See Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 496 (10th Cir. 1985); *cf. Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)). This request is denied, without prejudice to being reurged by Defendant if appropriate.

Third, Defendant argues that damages for Plaintiff's claimed psychological injury that is "due to litigation stress," rather than the train collision, are not recoverable and evidence of such litigation stress should be excluded. Def.'s Mot. at 3-4; *see Adams v. Cline Agency, Inc.*, No. 10-cv-02758, 2013 WL 2444696, at *4 (D. Colo. June 5, 2013) ("[I] state courts and federal courts alike, plaintiffs generally may not recover for stress and emotional distress caused by the very litigation process in which they are attempting to

obtain such recovery.").  Plaintiff's Response raises no counter to this legal argument.[2]

The request is GRANTED.   As previously noted by the Court, Plaintiff's psychological-injury claim is premised upon both litigation-related factors and other factors.  *See* Order of Mar. 20, 2020, at 21 (citing Roe Dep. 79:5-17 (Doc. Nos. 42-11, 44-5) (citing the train accident, the employment consequences, and this lawsuit as factors)). Accordingly, prior to any such evidence being presented or referenced, the parties shall confer regarding appropriate exclusion/redaction of evidence regarding Plaintiff's psychological injuries caused by this lawsuit, as opposed to other properly considered factors.  If the parties are unable to reach agreement, they may seek relief from the Court.

Fourth, Defendant asks that any references to Plaintiff's suicidal thoughts, as contained in Plaintiff's counselor's treatment notes, be excluded because they are irrelevant and their probative value is substantially outweighed by the danger of unfair prejudice.  *See* Def.'s Mot. at 4 (citing Fed. R. Evid. 401, 402, 403).  Given Plaintiff's allegations of various instances of mental distress arising from and/or occurring after the train collision, the Court does not agree that all such references must be excluded in their entirety.  Rather, if Plaintiff wishes to use the notes referencing suicide at trial, he must inform the Court prior to seeking admission to allow a ruling on the admissibility of the evidence outside of the jury's presence.

---

[2] In a separate submission, Plaintiff contends that evidence of Defendant taking "inconsistent positions" in the lawsuit, specifically by withdrawing defenses related to the fault of Plaintiff, should be found admissible because, among other things, such allegations of fault caused them mental anguish.  *See* Plaintiffs' Affirmative Motion in Limine to Admit Evidence Concerning Defendant's Stipulations Concerning the FSAA Violation, Contributory Negligence and Sole Cause (Doc. No. 195) at 4.

Defendant next states, "Counsel for Plaintiff Smithwick has belatedly indicated that he will assert that the claim for 'psychological injuries' was not due to being thrown across the locomotive cab, but rather related to BNSF's investigation of the July 3, 2017 incident." Def.'s Mot. at 5. Defendant argues that this claim lies outside of the scope of recovery permitted under *Gottshall* and that allowing Plaintiff to add this theory at this late stage would amount to trial by ambush. *See id.* at 5-6 (citing *McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507, 2014 WL 1871891, at *2 (N.D. Okla. May 9, 2014)). Plaintiff does not dispute these arguments in his Response.

A claim for investigation-related emotional damages does not appear to fit within either category of compensable FELA psychological-injury claims, i.e., those "brought on by a physical injury" and those "not provoked by any physical injury, for which recovery is sharply circumscribed by the zone-of-danger test." *Ayers*, 538 U.S. at 147. In any event, absent any pleading, discovery, or disclosure of such a claim, the Court agrees that it would be improper for Plaintiff to seek such damages at trial. Plaintiff shall not be permitted to assert a claim for psychological injuries premised upon Defendant's investigation of the July 3, 2017 train collision.

## CONCLUSION

For the reasons outlined above, Defendant's Seventh Motion in Limine (Doc. No. 105) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 17th day of May, 2021.

CHARLES B. GOODWIN
United States District Judge