UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON SMITHWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-18-160-G |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now before the Court is an Eighth Motion in Limine (Doc. No. 106) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Brandon Smithwick has responded (Doc. No. 128), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

I.   *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

    II.    *Defendant's Motion*

In this Motion, Defendant asks the Court preclude Plaintiff from discussing any financial difficulties Plaintiff and his family have suffered since the July 3, 2017 train incident, arguing that this evidence is irrelevant and prejudicial to Defendant. Defendant also argues that if Plaintiff places such financial difficulties before the jury, then Defendant should be permitted to introduce rebuttal evidence in the form of Plaintiff's receipt of Railroad Retirement Board benefits since December 2018. *See* Def.'s Mot. at 1-3.

Plaintiff responds that he "has no intention of 'opening the door'" to allow Defendant to introduce evidence of these collateral-source benefits. Pl.'s Resp. at 1. Plaintiff states that he "will restrict his evidence to the fact that since the incident of July 3, 2017, other than a few days after the injury and a two and [one-]half week transitional period in 2018, Plaintiff has been unable to work." *Id.*

Having considered Plaintiff's representation, the Court finds that Defendant's request should be granted. Plaintiff shall refrain from referencing his financial difficulties at trial.

CONCLUSION

Defendant's Eighth Motion in Limine (Doc. No. 106) therefore is GRANTED.

IT IS SO ORDERED this 17th day of May, 2021.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge