UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON SMITHWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-18-160-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Now before the Court is a Motion in Limine to Prohibit All Collateral-Source Evidence (Doc. No. 71) filed by Plaintiff Brandon Smithwick. Defendant BNSF Railway Company has responded (Doc. No. 129), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

I.   Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

    II.       Plaintiff's Motion

In his Motion, Plaintiff requests that the Court preclude Defendant from referring to or offering evidence of "any disability benefits, retirement benefits, loans, insurance benefits or any other collateral source benefits that Plaintiff has received or to which Plaintiff may become entitled to receive in the future." Pl.'s Mot. at 1. Plaintiff also argues that Defendant should be precluded from introducing the testimony and associated exhibits of a psychologist and an orthopedic surgeon who examined Plaintiff for disability purposes on behalf of the Railroad Retirement Board ("RRB"). *See id.* at 4 (arguing that this testimony is cumulative and unduly prejudicial).

Defendant generally concedes the propriety of exclusion of collateral-source evidence but argues that Plaintiff is unclear as to what evidence he wishes to have excluded. *See* Def.'s Resp. at 1-2. Defendant further argues that a per se exclusion of the disability-examiners' testimony is unwarranted, as their evaluations and findings are relevant and they can be questioned without referencing their association with the RRB. *See id.* at 2 ("Whether the scope of examinations was limited would go to the weight of the evidence not the admissibility.").

The collateral-source rule prescribes that "a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source." *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1083 (10th Cir. 1994) (internal quotation

marks omitted); *accord Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995) ("The . . . rule allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss.").

> The rationale is two-fold: (1) "public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source" and (2) the rule encourages maintenance of insurance because it "assur[es] a plaintiff's payments from a collateral source will not be reduced by a subsequent judgment." *Green*, 59 F.3d at 1032 (citations omitted).
>
> Basing its decision on Supreme Court precedent established in *Eichel v. N.Y. Cent. R.R. Co.*, 375 U.S. 253 (1963), the Tenth Circuit has held that the collateral source rule "prohibits admission of [Railroad Retirement Act ("RRA")] benefits in a FELA case." *Id.* at 1032-33 (citing *Eichel*, 375 U.S. 253). In *Eichel*, the Supreme Court held that such a rule was appropriate because "the likelihood of misuse by the jury clearly outweighs the value of" the evidence of collateral source income. *Eichel*, 375 U.S. at 254; *see also* Fed. R. Evid. 403 (requiring exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice"). The Court went on to say that "receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact." *Id.* The Tenth Circuit has also noted that collateral source benefits cannot be considered even in mitigation of damages. *Green*, 59 F.3d at 1033 (citing *Eichel*, 375 U.S. at 254).

*Jackson v. BNSF Ry. Co.*, No. 06-cv-00802, 2008 WL 410591, at *1 (D. Colo. Feb. 13, 2008) (alterations in original) (granting FELA plaintiff's motion to exclude evidence of benefits received under the RRA).

The Court agrees with Plaintiff that the collateral-source rule applies here to exclude reference to compensation or indemnity from any independent source for the injuries alleged by Plaintiff in this lawsuit. Unless Plaintiff himself opens the door to introduction of such collateral-source payments, such evidence must be excluded. *See id.* at *2-3. On the current record, however, the Court does not find that wholesale exclusion of the

3

testimony of the two RRB examiners is warranted.

## CONCLUSION

Plaintiff's Motion in Limine to Prohibit All Collateral-Source Evidence (Doc. No. 71) is therefore GRANTED IN PART and DENIED IN PART as outlined above. To the extent there is a dispute as to whether certain items of evidence or testimony may be presented or whether certain payments are associated with the relevant injuries, the Court will consider those specific objections at trial.

IT IS SO ORDERED this 17th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge