UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON SMITHWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-18-160-G |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion in Limine to Prohibit Defendant or Defendant's Witnesses from Expressing Personal Opinions Regarding Defendant's Employees (Doc. No. 75) filed by Plaintiff Brandon Smithwick. Defendant BNSF Railway Company has responded (Doc. No. 112), and the Motion is now at issue.

Plaintiff moves to exclude "[a]ny statement by counsel, defendant, or any of their witnesses expressing a personal opinion concerning the expertise, qualifications or credibility of Defendant's witnesses or any statement personally vouching for the credibility of Defendant or any of their witnesses." Pl.'s Mot. at 1. Defendant objects that Plaintiff's Motion is vague and overbroad, as it "fails to identify what, specifically, he is seeking to exclude." Def.'s Resp. at 2.

The Court agrees with Defendant. Plaintiff fails to apply his cited authority to any evidence in this case record or to any expected testimony. Such a nonspecific motion is "properly denied." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020). Further, "a motion in limine is not a procedure by which parties can secure judicial reinforcement of the ever-applicable Federal Rules of

Evidence.  It is also not an opportunity for counsel to conceive of every possible evidentiary contingency at trial . . . and obtain prophylactic rulings to prevent them." *Hemingway v. Russo*, No. 2:16-cv-00313, 2018 WL 6333788, at *1 (D. Utah Dec. 4, 2018).

## CONCLUSION

Plaintiff's Motion in Limine to Prohibit Defendant or Defendant's Witnesses from Expressing Personal Opinions Regarding Defendant's Employees (Doc. No. 75) is therefore DENIED.

IT IS SO ORDERED this 17th day of May, 2021.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge